Thank you, Your Honor. May it please the Court. I am Anne Carter, again representing Mr. Schneider. This second case is Mr. Schneider's conviction for assault by striking, beating, or wounding against Rhys Hoisington. We are asking the Court to vacate the conviction and remand for a new trial or resentencing. Here, the Government has agreed that the Court committed a plain procedural error in imposing an illegal sentence. Therefore, I'm going to focus this argument on the fact that there was the plain procedural error in imposing an illegal sentence because the statutory maximum sentence was one year by imposing time served. It was a sentence of over 400 days. So regarding the 404B issue here. Chief Judge Goldberg And explain to me how that affects substantial rights here. It affects the other sentence, is that correct? It may affect the other sentence? Anne Carter Correct, Your Honor, because the BOP cannot credit that over-served time to the felony sentence. Chief Judge Goldberg I see. Okay. Anne Carter So the District Court or the Magistrate Judge erred in omitting evidence of the shooting of the county fuel tank. The Government was required to present sufficient evidence from which a reasonable jury could find by a preponderance of the evidence that Mr. Schneider had committed that shooting. Here, they did not carry that burden. The only evidence that connected Mr. Schneider to that incident was Evelyn Hoisington's statement that Mr. Schneider had apologized for it. Chief Judge Goldberg So I'm going to ask again, harmlessness. It would be a broken record, but this was offered to rebut a self-defense defense, correct? Anne Carter Correct, Your Honor. Chief Judge Goldberg And I get that, but at some point here, there was a punch thrown that after the apologies and all these different things that happened, doesn't that render the fact that that occurred after the arguable self-defense may come into play, doesn't that render this error, if it was error, harmless? And I think there was a limiting instruction here as well? Anne Carter Yes, there was a limiting instruction. Your Honor, there was conflicting testimony about whether that last punch was thrown. Mr. Hoisington testified it was. Brittany Schneider testified that it was not thrown. And one of the factors that the jury was permitted to consider was the government's theory that Mr. Schneider did not act out of self-defense and instead acted out of this longstanding animus. So that weighed heavily on the jury's consideration of the self-defense issue in a way that was not harmless. In context, Ms. Evelyn's testimony, she was angry at Mr. Schneider for this fight. She had made threats to Brittany Schneider both in person and on Facebook. She had said, the next time I come, it won't be to talk. And then the Schneiders came back to her residence to have this reconciliation conversation, to bury the hatchet, so to speak, to put this all behind them. I think it's not perfectly analogous but comparable to the allegation that Mr. Hoisington apologized for something that he claimed. Kennedy Was there other evidence besides the alleged apology? Evelyn Schneider There was evidence that the shooting had occurred. He heard a loud pop and something hitting a tank. He went outside and he couldn't see anything. He didn't see anyone there. No one saw the alleged shooter, where they were standing, why they shot at the tank. There was conflicting evidence from the county officials. Did Hoisington testify? Evelyn Schneider I'm sorry, what was that? Did Hoisington himself testify? Yes, Your Honor, he did testify. And he testified that he heard the noise and that he and his father went outside to look around to see if they could see anything, and they couldn't see anything. Even the county officials testified differently on whether it was the side of the tank toward the Hoisington residence or it was the other side of the tank. So we don't know who shot, where they shot from, why they shot from. And Evelyn was not there that night. She was not present. She had no first-hand knowledge of this incident. Evelyn Schneider Evelyn being the wife, I don't know. It is complicated, Your Honor. Evelyn is Race Hoisington's sister. Is who? Race Hoisington, the victim's sister, adult sister, who was residing in the same house as him. I don't see why the wife's testimony wasn't sufficient, given the standard review. In context, she is angry at the Schneiders. That's up to the jury, though, right? I mean, the jury could find by a preponderance or the district court could find by a preponderance. I don't remember who's finding, but it's by a preponderance, right? Correct, Your Honor. The magistrate judge sitting here had a duty as a gatekeeper to do this preliminary review. And we would submit that a reasonable jury could not have found that Mr. Schneider committed this by a preponderance. If there are no further questions, I would reserve the remainder of my time. Well, I'm a little on the illegal sentence question. Yes, Your Honor. You know, the question I was going to ask, we didn't really go there, is why is it unreasonable for the trial court to expect defense counsel or the defense to make sure that the BOP gave proper credit to the second concurrent sentence? Your Honor, the BOP is bound by the statute, which the number escapes me. It is in my brief. Wait, this is an illegal sentence. You say everybody agrees. Correct, Your Honor. There's no binding statute for that sentence. And you go to the BOP and say, there's been an error here. You give the proper credit. And then the BOP says, no, we don't feel like it. And then you've got, or maybe don't have, remedies for that. But why does the trial court have to see all this and assume that the BOP will do the wrong thing and so forth? Courts should be permitted to assume that the parties will aggressively protect and preserve their own positions. The court has an obligation not to impose a sentence greater than what is legally permissible. And the BOP, in crediting this as a time-served sentence, is doing what a federal district court told it to do. It cannot do any differently. Wait a minute. That gets into the BOP discretion in a lot of different ways. I don't think that's been briefed. Your Honor, what has been briefed is our explanation of how the BOP credits a sentence when it is instructed to give a time-served sentence. Now, was there no objection from anyone again on the illegal sentence here from either side? That is correct. The defense asks, both parties asked for a specific sentence of a specific time. The defense asked for a couple of months. The government asked for a specific sentence of one year. And even the probation officer suggested it would be more appropriate to give the sentence of one year. Thank you. Counsel? Thank you. May it please the Court, Counsel, once again, my name is Carl Thunem, and I represent the United States in this matter. I'm here today to ask the Court to affirm the appellant's conviction and remand for resentencing. First, with respect to whether the trial court aired this government's position, it did not abuse its discretion in permitting the government to reduce this evidence that the appellant discharged around towards Race's father's home approximately one week after the appellant was shot. The evidence that was adduced in support of that What's this issue? This is the 404B issue, Your Honor. Okay. So, not only was there the I would draw the Court's attention first to the time frame. Race Hoisington testified that he had heard, through the grapevine, so to speak, that the appellant had been shot. And approximately one week after that was when Race and his father heard I understand. To me, the issue is whether the wife's testimony was sufficient to satisfy the 404B conditions, period. Certainly, Your Honor. The sister testified that, Evelyn Hoisington, that she was upset on October 26th when the appellant broke Race Hoisington's nose. She did make some inappropriate Facebook messages that day. She eventually got in contact with Brittany, Justin Schneider's wife. Brittany and Justin Schneider, the appellant, came down to Evelyn and Race Hoisington's home. The appellant apologized, not only for his assault that day, but for discharging Evelyn, the facts. We're talking about a legal issue. The 404B issue, the background facts. Where do they matter to this question of whether the 404B conditions were met? I think the court's question is, was there sufficient evidence for a reasonable jury to find by a preponderance of evidence that the appellant discharged the firearm? We have the testimony of the witness, the victim's sister, that he confessed to doing it. That's sufficient evidence for a jury to reach that conclusion by a preponderance of the evidence. I would also just say — Did the sister testify at trial? She did, Your Honor. I would also note that this is ultimately, whether or not to believe her testimony, a credibility issue for the jury. It is not for the magistrate judge to substitute his judgment, simply to make that legal determination whether there's sufficient evidence for a reasonable jury to reach that conclusion. Was 404B the basis for objection at the time of trial? It was, Your Honor. The second issue related to this 404B evidence is even if the magistrate court abused its discretion in permitting the government to adduce this evidence, any such error was harmless. The evidence against the appellant here was, from the government's perspective, somewhere between very strong and overwhelming. What was it? What was the evidence besides this statement? The evidence to support the conviction, Your Honor, was first race Hoisington's testimony that he was assaulted that day. The second piece of evidence would be a couple third-party witnesses. Sheriff Allendale and a local EMT, Gary Bubbers, observed his injuries shortly after the assault occurred. You also, of course, had Evelyn, his sister's testimony, that he had been appeared to have been beaten up that morning. Finally, you have Justin Schneider, the appellant's confession that he assaulted him that morning. The appellant stated that he did so because race Hoisington did not provide the appellant a ride on July 19th when he was shot. In conclusion, the magistrate court did not abuse its discretion in admitting this evidence, and any error in so doing was harmless. Ending your questions, that's all I have. But do you have to state about remand for resentencing in relation to this case? Your Honor, I concur with the appellant that this matter should be remanded for resentencing. I understand I had considered the possibility of arguing that the appellant should move forward with a habeas petition if he were dissatisfied with the BOP, so if the BOP declined to give him credit. But I do concur with the appellant that the BOP is constrained and could not give him credit for these extra 30-some days that he served. Those would not be imputed towards the felony sentences we were discussing in the first case. And why is that? Because of BOP regulations? No, Your Honor. I believe the BOP just simply lacks the discretion. It can only impute the credit. From the district court's judgment, its final judgment and sentence. Is that right? Correct, Your Honor. So I'll take another run at this. The district court in sentencing the appellant for the first case we discussed, the firearm, stated that the sentences would run concurrently with this sentence. However, concurrent only applies from that day forward. The BOP can only give credit to one sentence prior to, prior to sentencing. So this, moving back to the magistrate court sentence, which I believe occurred about August, the BOP can only apply credit back to August 2nd when the magistrate court imposed its sentence. It cannot, and at that point there have been 400 days, it cannot apply that credit towards the felony sentence from any time prior to when the magistrate court imposed that sentence. What other, what other time prior to that date was, was there time served to which the credit could be applied? Was it pretrial detention or what? Correct. So the appellant came into custody, Your Honor, I believe it was June 20th or so of 2023. He was sentenced by, sentenced by the magistrate court, I believe it was August 2nd or thereabouts of 2024 to a sentence of time served, a sentence of 400 days. So there's another year of inventory, so to speak. Correct. And the appellant is concerned because the BOP will not grant him credit towards his felony sentence of those additional 30-some days. Those will have, because the magistrate court imposed a sentence of time served. So in your view, what, what does the trial court have to do on remand to correct the problem? Simply sentence him to a sentence of one year or less. There are strict, strict limitations on when a trial court can modify or amend a sentence already imposed. Why does this avoid those? Because, Your Honor, this is an illegal sentence because it's in excess of the statutory maximum. Thank you, Your Honor. Brubel. Thank you, Your Honor. I want to pick up where both parties ended on this credit issue. The statute that we're talking about here is 18 U.S.C. 3585, which directs the, the BOP that a federal sentence begins on the date of sentencing. And as, as Mr. Thuneman just said, the BOP can only give credit for time previously served on one case. And here, because the sentence in the misdemeanor case was time served, it credited all of that time to the misdemeanor case, including too much time. We've discussed this issue on page 20 of our brief. Additionally, if the court would like, we could supplement the record with the BOP's computation sheet showing the date that it began to run Mr. Schneider's felony sentence. Do you agree with what counsel just said about the timing? Yes, Your Honor. Yes. Yes, I do. And I think the record is probably sufficient on that. And to answer the Court's question, this avoids the final judgment rule because this case is not yet final. It is still a direct appeal. With that, for those reasons, we are asking the Court to vacate the convictions, remand for a new trial or resentencing. Thank you. Thank you.